[Cite as *State v. Roush*, 2017-Ohio-1115.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2016 CA 00105 |
| CARL E. ROUSH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No.  2016 CR 00153


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     March 27, 2017


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RONALD MARK CALDWELL
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

SEAN BUCHANAN
SLATER & ZURZ
One Cascade Plaza
Suite 2200
Akron, Ohio  44308

*Wise, J.*

**{¶1}** Appellant Carl E. Roush appeals the imposition of consecutive sentences by the Stark County Court of Common Pleas following his pleas of guilty to two counts of pandering sexually oriented matter involving a minor and two counts of pandering obscenity involving a minor. Appellee is the State of Ohio.

STATEMENT OF THE FACTS

**{¶2}** In February, 2016, Appellant Carl E. Roush was charged by indictment with two counts of pandering sexually oriented matter involving a minor, in violation of R.C. §2907.322(A)(1), and two counts of pandering obscenity involving a minor, in violation of R.C. §2907.321(A)(1).

**{¶3}** These charges arose from Roush downloading child pornography onto his laptop and desktop computers. This pornography was described by the State in its bill of particulars:

Count 1: Pandering Sexually Oriented Matter:

"A [3:49] video labeled "(ptch) 9 yo blonde daughter fingered in camping tent part 2.avi" and/or "0005-000" which depicts an adult male touching a female child's breasts and vagina in a tent;

"A [15:08] video labeled "0002-000" which depicts 2 slightly pubescent female children touching each other's breasts and vaginas and engaging in oral sex."

Count 2: Pandering Obscenity:

"A [9:13] video labeled "(ptsc) young video models- nadiaa (4).avi which depicts a female child in a bra and thong underwear that has been

cut. The child is made to pose in various positions, which cause the child's breasts and vagina to become exposed."

Count 3: Pandering Sexually Oriented Matter:

"A [10:01] video labeled "0006-000" which depicts a naked female child in a bathtub. During the video the child is given a hot dog which she inserts into her vagina and anus.

"A [1:05] video labelled "porno-06.mpg" and/or "0009-000" which depicts a prepubescent female's buttocks and vagina. An adult male performs oral sex on the child and then rubs his penis on the child's vagina until he ejaculates." Count 4 [Pandering Obscenity]:

Count 4:  Pandering Obscenity:

"A [14:58] video labelled ["](ptsc) reallola info 12 yr Christmas tinsil.avi" and/or "0004-000" which depicts a pubescent female clothed and standing near a Christmas tree. During the video the child undresses, exposing her breast and vagina.

"A [2:00] labeled "0008-000" video which depicts a pubescent female child in a black bra. The child's breasts and nipples can be seen through the bra. The child poses in various positions exposing her vagina and anus. At the beginning of the video the words "YOUNGVIDEOMODELS.NETNADIA#12 13 YEARS OLD" are seen."

{¶4}   The State made an offer to recommend a five-year prison sentence in exchange for Appellant's plea of guilty to the charges. Appellant rejected the plea offer and chose instead to plead guilty to the charges and take advantage of a sentencing

hearing to present evidence in mitigation of sentence.

{¶5} On March 6, 2016, Appellant entered a plea of guilty, as charged in the indictment.

{¶6} On April 21, 2016, the trial court conducted a sentencing hearing.

{¶7} Thus, after Roush pleaded guilty to the charged offenses, the trial court conducted an evidentiary hearing relative to sentencing.

{¶8} At the sentencing hearing, the State presented the testimony of investigating officer, retired Detective Bobby Grizzard of the Massillon Police Department. Det. Grizzard explained that he worked with a specialized unit known as the Ohio Internet Crimes Against Children Task Force, or ICAC, whose work is predominantly internet based looking for individuals utilizing the Internet for crimes related to children, including the downloading of child pornography. Det. Grizzard explained that he used a computer program that allows law enforcement to target and locate those offenders who are downloading child pornography via file-sharing programs. As a result of this investigation, Detective Grizzard obtained a search warrant to search Appellant's home to locate his computers for evidence of illegal activity.

{¶9} Upon executing the search warrant, Det. Grizzard found that Appellant's bedroom door was locked, and his computer was located inside this room. Appellant lived with wife and their minor daughter at the time. Appellant stated that he used the computer 90% of the time, whereas his wife used it the other 10%.

{¶10} Once the computers were seized, they were examined to see if they contained child pornography. The search of these computers revealed that Appellant had downloaded child pornography by using a peer-to-peer network (ARES), which is a file

sharing program. Appellant used search terms with this program that sought out child pornography.  (T. 11-15, 20-22). In all, 33 videos were found on Appellant's computer.

{¶11} Det. Grizzard testified that he also interviewed Appellant. During the interview Appellant admitted that he had used the explicit search terms for child pornography, and that he had received and downloaded on his peer-to-peer file sharing program the child pornography found on his computer. Appellant said that he searched out child pornography because he was curious. He further admitted to watching the child pornography that he had downloaded and that he had masturbated while watching it. Appellant's description of the downloaded videos corroborated what was found on his computer. Appellant told Det. Grizzard that the last time he had watched the child pornography was two months before their conversation.

{¶12} Detective Grizzard stated that what troubled him the most in this case was that Appellant was sexually aroused by this pornography, which included children being raped and subjected to nothing less than torture by adult men. (T. 16-20, 22, 25).

{¶13} Some of the videos found on Appellant's computers were played in open court for the benefit of the trial court. (T. 10-38).

{¶14} Appellant, in his defense, had his seven children and stepchildren, his best friend, and his wife, take the stand and testify as to his character. They all testified that he was a great father, stepfather, friend, and husband. (T. 39-57). Appellant chose not to take the stand and testify. Instead, at the conclusion of the hearing, he offered an unsworn statement admitting that he watched this child pornography, but that it was out of boredom and curiosity. He then begged for the court's forgiveness, and promised it would never happen again. (T. 65-66).

**{¶15}** The trial court, after viewing the content of the videos and hearing the character testimony in support of Appellant, imposed an aggregate prison term of eight (8) years: two (2) years for each of the four (4) counts, to run consecutively with each other, and further classified Appellant as a Tier III sex offender.

**{¶16}** The trial court filed a sentencing judgment entry on April 27, 2016, and then filed a *nunc pro tunc* sentencing judgment entry on May 19, 2016, which solely corrected the citation to the statute for the pandering obscenity offenses.

**{¶17}** Appellant now appeals, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶18}** "I. DID THE COURT ERR BY SENTENCING MR. ROUSH TO CONSECUTIVE SENTENCES?"

**I.**

**{¶19}** In his sole Assignment of Error, Appellant argues that the trial court erred in imposing consecutive sentences. We disagree.

**{¶20}** Appellant argues his sentence is contrary to law and therefore should be reversed.

**{¶21}** The two-step approach set forth in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. We now review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶ 31.

**{¶22}** R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find

that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), §2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶23}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477, 120 N.E.2d 118.

**{¶24}** Appellant, in his brief, asserts that the consecutive sentences were contrary to law because the trial court did not consider the R.C. §2929.14 factors at the sentencing hearing.

**{¶25}** R.C. §2929.14 (C) states as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added).

{¶26} Appellant argues that under section (b), the trial court's finding were contrary to law because the court considered the nature of the videos themselves as to seriousness of the conduct and that the court did not view all 7 videos and that not all of the videos were as violent or predatory in nature as those viewed by the court.

{¶27} At the sentencing hearing, in support of its imposition of consecutive sentences, the trial court stated:

Additionally, the Court has considered all relevant seriousness and recidivism factors including, but not limited to, the length of time over which the offense occurred, the fact that the sharing and downloading of the videos by the Defendant revictimized each victim, and the graphic and predatory nature of the videos, which the Court notes that while not a

specified serious factor, it is relevant to the determination of a sentence in this crime.

…

The Court further orders that the sentences shall be run consecutive to one another, and the Court finds as follows: That consecutive sentences are necessary to protect the public from future crime. That consecutive sentences are necessary to punish the Defendant, that they are not disproportionate to the seriousness of the Defendant's conduct and the danger posed by the actions committed. The Court further finds that the offenses were committed as a course of conduct, and that the harm by those offenses was so great that no single prison term is adequate to reflect the seriousness of the conduct.

Additionally, in calculating the sentence, the Court has taken steps to ensure that the sentence is not based on any impermissible purposes, that it is consistent with similar offenses committed by like offenders. And that the sentence is proportional to the harm caused and the impact upon the victims.

And the Court will note that the Court has taken great steps to ensure that the sentence is based upon the offender's conduct and not the conduct of the offenders in the video and their actions. That the Court finds that this Defendant's conduct, by sharing those videos with others, contributed to the harm created by the individuals who participated in making those videos. (T. 77-79).

**{¶28}** Upon review, from the trial court's statements at the sentencing hearing as set forth above, and the language utilized in the sentencing entry, it is clear that the trial court complied with the dictates of R.C. §2929.14(C)(4). *See State v. Bonnell,* 140 Ohio St.3d 209, 16 N.E.3d 659, 2014–Ohio–3177, ¶37; *State v. Crawford,* 12th Dist. Clermont No. CA2012–12–088, 2013–Ohio–3315 at ¶17. The trial court also set forth the R.C. §2929.14(C)(4) factors in its sentencing entry.

**{¶29}** The record reflects the trial court found that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶30}** Appellant also argues that the trial court erred in referencing  section (c) in the sentencing entry wherein it added the language "AND/OR the defendant's history of criminal conduct …"

**{¶31}** Upon review, we do not find, as argued by Appellant, that the trial court (1) either mistakenly believed Appellant had a criminal history, or (2) the trial court's use of boiler-plate language reflects lack of attention to the sentencing factors.

**{¶32}** This Court finds that while the trial court did include an additional, superfluous ground for imposing consecutive sentences, the trial court's findings and considerations were well-documented in the record. The trial court did not make an R.C. §2929.14(C)(4)(c) finding at the sentencing hearing.  Rather, the trial court specifically noted at the sentencing hearing that Appellant had no prior criminal history.

**{¶33}** The trial court was not required to give a talismanic incantation of the words of the statute at the sentencing hearing. Appellant's sentence was not otherwise clearly and convincingly contrary to law.

{¶34} Accordingly, Appellant's sole Assignment of Error is overruled.

{¶35} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.


JWW/d 0307